**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RIKI LYN OSTROM,**

                                      **Plaintiff,**

    **vs.**                                                     **7:14-cv-00268
                                                                 (MAD/ATB)**

**COMMISSIONER OF
SOCIAL SECURITY,**

                                      **Defendant.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**CONBOY, MCKAY, BACHMAN**       **PETER L. WALTON, ESQ.**
**& KENDALL, LLP**
407 Sherman Street
Watertown, New York 13601-9990
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **SERGEI ADEN, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

    Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This matter was referred to United States Magistrate Judge Andrew T. Baxter for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed. Magistrate Judge Baxter recommended that this Court reverse the Commissioner's decision

denying Plaintiff's application for benefits and remand the case for a proper evaluation of the medical evidence and an appropriate determination of Plaintiff's residual functional capacity. *See* Dkt. No. 11. Presently before the Court are Defendant's objections to the Report-Recommendation. *See* Dkt. No. 12.

## II. BACKGROUND

Plaintiff applied for a period of disability and DIB on June 2, 2011 and, thereafter, applied for SSI on June 21, 2011, alleging a disability onset date of February 1, 2009. *See* Dkt. No. 7, Administrative Transcript ("T."), at 130-38. The applications were initially denied on September 16, 2011, *see id.* at 79-84, and Plaintiff requested a hearing, which was held on October 22, 2012 before Administrative Law Judge ("ALJ") Marie Greener. *See id.* at 39-61. The ALJ issued a decision on November 13, 2012 finding that despite severe impairments – degenerative disc disease of the lumbar spine, anxiety disorder, and depressive disorder – Plaintiff was not disabled under the Social Security Administration's analysis pursuant to 20 C.F.R. §§ 404.1520; 416.920. *See* T. at 17-34. Request for review by the Appeals Council was timely filed, *see id.* at 14-16, and, on January 30, 2014, the request was denied rendering the ALJ's decision the Commissioner's final decision. *See id.* at 1-3. Plaintiff commenced this action for judicial review of that decision by filing a complaint on March 11, 2014. *See* Dkt. No. 1. Both parties have moved for judgment on the pleadings. *See* Dkt. No. 9, 10.

## III. DISCUSSION

Magistrate Judge Baxter found that the ALJ's determination of Plaintiff's residual functional capacity ("RFC") is not supported by substantial evidence. *See* Dkt. No. 11. Specifically, there was not substantial evidence in the administrative transcript to support that Plaintiff has the RFC to perform light work as defined under 20 C.F.R. § 404.1567(b) because, as

2

set forth by Magistrate Judge Baxter, the ALJ improperly discounted Plaintiff's treating physician – the only competent medical evidence related to Plaintiff's ability to lift, carry, stand, walk, and sit – and substituted her own judgment for that competent medical evidence. *See* Dkt. No. 11. According to Magistrate Judge Baxter, the ALJ, based upon her own medical judgment, concluded that Plaintiff's back condition had improved over time and that the clinical findings suggest that Plaintiff's back impairments do not cause her physical limitations. *See id.* Because of the ALJ's erroneous evaluation of the medical evidence, Magistrate Judge Baxter concluded that the evaluation of Plaintiff's credibility and the ultimate determination that Plaintiff is not disabled has been tainted. Magistrate Judge Baxter found that the ALJ's evaluation and disability analysis of Plaintiff's mental residual functional capacity to be support by substantial evidence.[1] Accordingly, it was recommended that the ALJ's decision be remanded for proper consideration of the medical evidence to be followed by a re-evaluation of Plaintiff's credibility and an analysis of Plaintiff's RFC related to her physical limitations. *See id.*

Defendant asserted in her filed objections that the Report-Recommendation has improperly shifted the burden from Plaintiff to Defendant when stating that "the ALJ marshaled no medical evidence" to support each and every functional area in the RFC. *See* Dkt. No. 12. Further, Defendant points to medical and non-medical evidence that supports the ALJ's findings and determination, including Plaintiff's daily activities, attending college classes, and participation in an exercise class during the period of alleged disability. *See id.* Substantial evidence, as it was argued by Defendant, does not mean that the Court's review of the evidence must lead to the ALJ's findings but, instead, that a review of the evidence could reasonably lead to

---

[1] Plaintiff was found to be able to perform low stress work that involves routine daily tasks and duties that do not significantly change in pace or location and that do not require confrontation such as arguing with customers, negotiating, restraining, or detaining others.

3

those findings. *See id.* Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a Magistrate Judge's Report and Recommendation to which a party specifically objects. Failure to timely object to any portion of a Magistrate Judge's Report and Recommendation operates as a waiver of further judicial review of those matters. *See Roland v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). "To the extent, . . . that [a] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Watson v. Astrue*, No. 08 Civ. 1523, 2010 WL 1645060, *1 (S.D.N.Y. Apr. 22, 2010) (citing, *inter alia, Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (observing that "[r]eviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition") (citation and internal quotation marks omitted)).

Applying this standard of review, this Court has reviewed those portions of Magistrate Judge Baxter's Report-Recommendation that are not objected to and find that there is no clear error. The Court finds that Magistrate Judge Baxter is correct that substantial evidence supports the ALJ's determination of Plaintiff's mental limitations as set forth in the RFC, and the Court adopts those portions of the Report-Recommendation. However, based upon Plaintiff's objections, the Court has engaged in a fresh judicial review of the ALJ's decision that relates to Plaintiff's physical limitations due to her claimed impairment of degenerative disc disease, set forth below.

In a judicial review of a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine anew whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g),

1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the administrative transcript to ascertain whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *See Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009), *cert. denied*, 559 U.S. 962 (2010); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Wilson v. Colvin*, No. 6:14-cv-00122, 2015 WL 1472102, *4 (N.D.N.Y. Mar. 31, 2015). If supported by substantial evidence, the Commissioner's finding must be sustained. *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). This Court must afford the Commissioner's determination considerable deference, and may not substitute its own judgment, even if a different result could be justifiably reached by the Court if it engaged in its own analysis. *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

For purposes of both DIB and SSI, a person is disabled when he is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). There is a five-step analysis for evaluating disability claims:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the

> [Commissioner] next considers whether the claimant has a "severe
> impairment" which significantly limits his physical or mental
> ability to do basic work activities. If the claimant suffers such an
> impairment, the third inquiry is whether, based solely on medical
> evidence, the claimant has an impairment which is listed in
> Appendix 1 of the regulations. If the claimant has such an
> impairment, the [Commissioner] will consider him disabled without
> considering vocational factors such as age, education, and work
> experience; the [Commissioner] presumes that a claimant who is
> afflicted with a "listed" impairment is unable to perform substantial
> gainful activity. Assuming the claimant does not have a listed
> impairment, the fourth inquiry is whether, despite the claimant's
> severe impairment, he has the residual functional capacity to
> perform his past work. Finally, if the claimant is unable to perform
> his past work, the [Commissioner] then determines whether there is
> other work which the claimant could perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see also Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (citations omitted). The claimant bears the burden of proof on the first four steps, while the Social Security Administration bears the burden on the last step. *Id.*

At the fourth step in the analysis, the ALJ determines a plaintiff's RFC, which is what a plaintiff can still do despite his limitations. *See* SSR 96-8P, 1996 WL 374184, *2. The "RFC is an administrative assessment of the extent to which an individual's medically determinable impairments(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." *Id.* The assessment takes into consideration the limiting effects of all of a plaintiff's impairments, severe and non-severe, and the determination sets forth the most a plaintiff can do. *See* 20 C.F.R. § 404.1545(a)(1), (e). The RFC assessment is based upon all the relevant evidence including medical source statements from treating and non-treating physicians and descriptions and observations of limitations from lay sources. *See* 20 C.F.R. § 404.1545(a)(3).

The plaintiff is responsible for providing evidence, medical and otherwise, of his/her impairments, the severity of impairments, and the effect that those impairments have upon functional abilities. *See* 20 C.F.R. § 404.1512(c). However, the ALJ must "affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (stating that disability determinations are investigatory, not adversarial). If there is insufficient or inconsistent evidence presented to determine if the plaintiff is disabled, the ALJ will attempt to resolve the insufficiency or inconsistency by re-contacting the plaintiff's treating physicians or other medical sources to seek additional evidence or clarification, request additional medical records, conduct a consulting examination, and/or make further inquiry from lay sources. *See* 20 C.F.R. § 404.1520b.

Upon review of the record in this case, the Court agrees with Magistrate Judge Baxter, that a remand for further consideration of the RFC, as it relates to Plaintiff's physical impairments and limitations, is required. Plaintiff's medical evidence from her long-term treating physician, Dr. Lawrence Littell, included the treatment records and two medical source statements for physical limitations. *See* T. at 378-438, 444-54. The ALJ stated that Dr. Littell's treatment records do not document any clinical findings and accorded little weight to his medical source statement. *See id.* at 30. The ALJ's basis for the assigned weight was "because, while [Dr. Littell's] opinions suggest that the claimant's functional limitations have worsened, the diagnostic images clearly show that her back condition has improved." *See id.*

Based upon the regulatory obligation of the ALJ to develop the record, the Court finds that the ALJ should have re-contacted Dr. Littell to inquire about the basis for his medical source statement since without documentation of clinical findings, the records alone were insufficient. Without this information or attempt to obtain this information, this long-term treating physician's

medical source statement cannot properly be discounted. *See Rosa*, 168 F.3d at 79 (finding that an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the record). Additionally, the Court agrees with Magistrate Judge Baxter that the ALJ improperly substituted her own judgment for competent medical evidence by concluding that the diagnostic images clearly show Plaintiff's back condition improving. *See id.* at 79. By making that conclusion on the diagnostic images, which is a medical determination, the ALJ "improperly 'set [her] own expertise against that of' the treating physician." *Id.* (quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998)). Further, Dr. George Alexis Sirotenko, a consultative medical examiner, completed a medical source statement for Plaintiff's physical limitations stating that Plaintiff should avoid maintaining one position for an extended period of time. *See* T. at 342-44. The Court finds that the ALJ should have requested further clarification on what Dr. Sirotenko defined as "an extended period of time."

Although the ALJ does a thorough job of setting forth the basis for finding Plaintiff not credible in her statement of symptoms, credibility is based in part upon the entire case record, including the medical evidence. *See* SSR 96-7P, 1996 WL 374186, *1. Therefore, it is necessary on remand that the ALJ also analyze Plaintiff's credibility in light of any new or clarified evidence received.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-state reasons, the Court hereby

**ORDERS** that the Report-Recommendation of Magistrate Judge Andrew Baxter, filed March 6, 2015, is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of the 42 U.S.C. § 405(g), for further proceedings consistent with Magistrate Judge Baxter's Report-Recommendation and this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 16, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge